IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAV N GO KFT, | Civil Action No. 1:08-cv-02135 |
| Plaintiff, | Honorable Ruben Castillo |
| v. | Jury Trial Demanded |
| NAVIGON, INC. and NAVIGON AG, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

## ANSWER AND COUNTERCLAIM OF DEFENDANTS NAVIGON, INC. AND NAVIGON AG

Pursuant to Federal Rules of Civil Procedure 7 and 8 and Local Rule 10.1, Defendants Navigon, Inc. and Navigon AG (collectively, "Navigon" unless otherwise stated) hereby answer the Complaint of Plaintiff Nav N Go KFT ("Nav N Go") and counterclaim against Nav N Go, as follows:

## ANSWER

1. *This Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1338(b).*

**ANSWER:** Navigon admits that, as a purported action for declaratory relief from trademark infringement under the Lanham Act, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) (not 1338(b)). Navigon specifically alleges that this Court's subject matter jurisdiction also rests on 28 U.S.C. §§ 2201 and 2202.

    2.    *Plaintiff Nav N Go Kft. is a limited liability company organized under the laws of Hungary and having its principal place of business at Bérc u. 23., H-1016, Budapest, Hungary.*

**ANSWER:** Navigon admits that Nav N Go KFT is a limited liability company organized under the laws of Hungary and having its principal place of business at Berc U. 23., 1016 Budapest, Hungary.

    3.    *Defendant Navigon Electronics, Inc. is an Illinois corporation having its principal place of business at 200 W. Madison St., Suite 650, Chicago, Illinois, 60606.*

**ANSWER:** Navigon admits that Navigon, Inc. is an Illinois corporation having its principal place of business at 200 W. Madison St., Suite 650, Chicago, Illinois, 60606. Navigon denies any remaining allegations of Paragraph 3.

    4.    *Defendant Navigon AG is a German corporation having its principal place of business at Schottmüllerstrasse 20A Hamburg 20251, Germany. Upon information and belief, Navigon AG is the corporate parent of Navigon, Inc. Navigon Inc and Navigon AG will be collectively referred to as the "Navigon Defendants."*

**ANSWER:** Navigon admits the allegations of Paragraph 4.

    5.    *This Court has specific personal jurisdiction over the Navigon Defendants because Plaintiff's claim for declaratory relief is based upon the Navigon Defendants' use of NAVIGON formative marks within this judicial district.*

**ANSWER:** Navigon admits that this Court has personal jurisdiction over Navigon. Navigon denies the remaining allegations of Paragraph 5.

    6.    *This Court also has general personal jurisdiction over the Navigon Defendants because of their substantial, systematic, and continuous transaction of business within this judicial district— namely, their marketing, promotion, importation, distribution, and sale of navigation devices and other products under the NAVIGON mark to consumers located within the United States, including in this judicial district.*

**ANSWER:**   Navigon, Inc. admits that, as an Illinois corporation, it is subject to the general jurisdiction of this Court.  Navigon AG denies the allegations of Paragraph 6.

7. *Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim has occurred or will occur in this judicial district.*

**ANSWER:**   Navigon admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3), and that Navigon, Inc. resides in this District.  Navigon denies the remaining allegations of Paragraph 7.

8. *Established in 2004, Plaintiff is a leading provider of GPS-based navigation software for use in portable navigation devices. Plaintiff's software products are available in Europe and the United States.*

**ANSWER:**   Navigon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies those allegations.

9. *Plaintiff's navigation software products are called IGO MY WAY and NAV N GO LIMOUSINE.  In addition to these marks, Plaintiff uses various marks in connection with its business, including: (1) NAV N GO; (2) NAV N GO I GO; and (3) NAV N GO APPLICATIONS SUITE.  Plaintiff's sometimes uses NAV N GO without spaces or without prominent spaces between the words. (The marks referenced in this paragraph shall be collectively referred to as "NAV N GO Marks").  Plaintiff owns pending U.S. trademark applications for various NAV N GO Marks, including Serial Nos. 77/273,552; 77/229,597 and 77/229,589.*

**ANSWER:**   Navigon admits that Serial Nos. 77/273,552, 77/229,597, and 77/229,589 are applications pending at the United States Patent & Trademark Office ("USPTO") and that all three applications were made in the name of Nav N Go.  Navigon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and on that basis denies those allegations.

> 10. Plaintiff generally uses its primary Nav N Go logo in the following forms: [Illustrations omitted]

**ANSWER:** Navigon admits that Nav N Go uses the logos illustrated in the complaint. Navigon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and on that basis denies those allegations.

> 11. Plaintiff does not directly sell its products to consumers in the United States. Rather, Plaintiff's direct participation in the United States market is limited to its supply of navigation software to third-party original equipment manufacturers ("OEMs") for use in GPS devices that they manufacture and sell. Currently, OEMs such as Hewlett-Packard, Harman Kardon, Amcor, and Mio sell navigation devices under their own brands in the United States. Although these devices use Plaintiff's software, they do not feature any of the NAV N GO Marks.

**ANSWER:** Navigon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies those allegations.

> 12. The Navigon Defendants manufacture and sells GPS-based navigation devices.

**ANSWER:** Navigon admits that it creates software solutions for original equipment manufacturer customers operating in the personal navigation, wireless, and automotive sectors, and manufactures and sells personal navigation devices.

> 13. Navigon AG is the owner of a U.S. Trademark registrations [sic] for NAVIGON mark in international classes 9, 38 and 42.

**ANSWER:** Navigon admits that Navigon AG is the owner of a U.S. Principal Register registration for the NAVIGON mark for goods and services in International Classes 9, 38, and 42.

14. *The Navigon Defendants use the following mark on its navigation devices sold in the United States: [Illustration omitted]*

**ANSWER:** Navigon admits that it uses trademarks that are composed of or include the word "NAVIGON" (the "NAVIGON Marks"), including (but not limited to) as illustrated in the complaint, in connection with software solutions for original equipment manufacturer customers operating in the personal navigation, wireless, and automotive sectors and on personal navigation devices. Navigon denies the remaining allegations of Paragraph 14.

15. *The Navigon Defendants claim that Plaintiff's use of the NAV N GO mark creates a likelihood of confusion with the Navigon mark.*

**ANSWER:** Navigon admits that Plaintiff's use of the NAV N GO mark creates a likelihood of confusion with the NAVIGON Marks and name.

16. *In August 2007, Navigon AG attempted to bar Plaintiff from using the NAV N GO mark at the IFA trade show in Germany (and future trade shows in Germany) by seeking an ex parte injunction from a German court prohibiting Plaintiff from using its NAV N GO mark at the IFA show.*

**ANSWER:** Navigon admits that it sought and obtained an interim injunction from a German court in May 2007 prohibiting Nav N Go's use of the names and marks NAV N GO and NAV N GO LIMOUSINE on and in connection with any goods and services in International Classes 9 and 42. Navigon denies the remaining allegations of Paragraph 16.

17. *Plaintiff and Navigon Inc. are currently registered to exhibit at the CES trade show, which is scheduled to take place from January 7-10, 2008, in Las Vegas, Nevada.*

**ANSWER:** Navigon admits that at the time the complaint was filed, Navigon was registered to exhibit at the CES Trade Show scheduled for January 7 to 10, 2008 in Las Vegas. Navigon lacks information or knowledge sufficient to form a belief as to the remaining

allegations of Paragraph 17 and on that basis denies those allegations.

> 18. Because both Plaintiff and Navigon are scheduled to attend CES as exhibitors and because Navigon AG recently sought to enjoin Plaintiff from using the NAV N GO mark at trade shows in Germany, Plaintiff reasonably believes that the Navigon Defendants will petition this Court on an ex parte basis to enjoin Plaintiff from using the NAV N GO Marks at CES.

**ANSWER:** Navigon admits that both it and Nav N Go attended CES 2008 as exhibitors and that Navigon successfully sought an injunction in Germany against Nav N Go's use of names and marks that infringed on the NAVIGON Marks and name. Navigon denies the remaining allegations of Paragraph 18.

> 19. Plaintiff's use of its NAV N GO Marks does not infringe or otherwise violate the Navigon Defendants' rights in the NAVIGON mark.

**ANSWER:** Navigon denies the allegations of Paragraph 19.

> 20.

**ANSWER:** Paragraph 20 appears to have been inadvertently deleted from (or inadvertently included in) the complaint; in an abundance of caution, Navigon denies any allegations of Paragraph 20.

> 21. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Navigon incorporates herein by reference its answers to Paragraphs 1 through 20.

> 22. An actual controversy and an adversarial conflict exists between Plaintiff and the Navigon Defendants.

**ANSWER:** Paragraph 22 states a legal conclusion as to which no response is required.

23.  *Plaintiff has a reasonable apprehension that litigation over Plaintiff's use of the NAV N GO Mark is imminent.*

**ANSWER:**  Paragraph 23 states a legal conclusion as to which no response is required.

24.  *This controversy is ripe for adjudication.*

**ANSWER:**  Paragraph 24 states a legal conclusion as to which no response is required.

With respect to the Prayer for Relief in the complaint, Navigon denies that Nav N Go is entitled to a declaratory judgment, an injunction, or any other relief.

## COUNTERCLAIM

Without admitting any of the allegations of Nav N Go's Complaint other than those expressly admitted herein, and without prejudice to their right to plead additional counterclaims as the facts of the matter warrant, Navigon, Inc. and Navigon AG (collectively, "Navigon," except where indicated otherwise) hereby counterclaim against Nav N Go as follows:

1.  This Court has subject matter jurisdiction over Navigon's counterclaims under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

2.  Counterclaimant Navigon AG is a German corporation with its principal place of business in Hamburg, Germany. Navigon AG itself has no operations, employees, or office in the United States.

3.  On information and belief, Nav N Go is a limited liability company organized under the laws of Hungary and having its principal place of business at Berc U. 23., 1016 Budapest, Hungary.

4. Counterclaimant Navigon, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. Navigon AG is the parent of Navigon, Inc.

5. This Court has personal jurisdiction over Nav N Go because Nav N Go's continuous and systematic use of the names Nav N Go, Nav N Go Igo, Nav N Go Limousine, and related names (collectively, "NAV N GO Marks") causes harm to Navigon, Inc., an Illinois corporation.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

7. Navigon AG creates innovative software solutions for original equipment manufacturer (OEM) customers operating in personal navigation, wireless, and automotive sectors and makes and sells branded personal navigation devices, all under the NAVIGON Marks and name.

8. Navigon, Inc. creates innovative software solutions for OEM customers operating in the personal navigation, wireless, and automotive sectors and sells branded personal navigation devices, all under the NAVIGON Marks and name.

9. Navigon AG owns a U.S. Principal Register Registration No. 3,286,593, for the mark NAVIGON for use on and in connection with goods and services in International Classes 9, 38, and 42, as specified in the registration. A copy of the registration certificate is attached as Exhibit 1.

10. Pursuant to 15 U.S.C. § 1057(b), the registration certificate for the NAVIGON mark (Reg No. 3,286,593) is prima facie evidence of the validity of the registration, of Navigon AG's ownership of the registered mark, and of Navigon AG's exclusive right to use the mark in commerce on and in connection with the goods and services specified in the

registration certificate.  The NAVIGON mark is inherently distinctive.

11. Navigon has used its NAVIGON Marks and name continuously in commerce since at least as early as 2001 in Germany and 2004 in the United States in connection with software for OEM customers operating in personal navigation, wireless, and automotive sectors and since at least as early as 2006 in Germany and 2007 in the United States in connection with its branded personal navigation devices.

12. Navigon has many customers throughout the United States, and the NAVIGON Marks and name are well-respected in the field of personal navigation, wireless, and automotive-related software and personal navigation devices.

13. The NAVIGON mark is inherently distinctive and, as a result of Navigon's continuous and extensive use and promotion of the NAVIGON Marks and name, the NAVIGON Marks and name have achieved substantial recognition within the software and personal navigation industries, and with OEM customers seeking innovative software solutions in the personal navigation, wireless, and automotive sectors and customers seeking personal navigation devices.  The NAVIGON Marks and name have acquired valuable goodwill as a mark that identifies quality goods and services provided by Navigon.

14. Upon information and belief, the goods and services that Nav N Go provides are the same as or substantially overlap with those provided by Navigon.

15. Upon information and belief, the channels of trade through which Navigon's goods and services reach the public are the same as or overlap with those through which Nav N Go's goods and services reach the public.

16. Upon information and belief, Nav N Go uses the name and mark NAV N

GO and the marks NAV N GO, NAV N GO IGO, and NAV N GO LIMOUSINE (collectively, the "NAV N GO Marks") on and in connection with providing GPS-based navigation software for use in portable navigation devices. Upon information and belief, Nav N Go also uses the mark NAV N GO LIMOUSINE in connection with providing GPS-based portable navigation devices that incorporate navigation software.

17. Upon information and belief, at the time Nav N Go began using the NAV N GO Marks in connection with providing GPS-based navigation software for use in portable navigation devices, Nav N Go was aware of Navigon's rights in the NAVIGON Marks and name and of the fact that consumers associated the personal navigation, wireless, and automotive-related software offered by Navigon with the NAVIGON Marks and name. Upon information and belief, at the time Nav N Go began using the NAV N GO LIMOUSINE mark in connection with providing GPS-based portable navigation devices that incorporate navigation software, Nav N Go was aware of Navigon's rights in the NAVIGON Marks and name and of the fact that consumers associated the personal navigation, wireless, and automotive-related software and personal navigation devices offered by Navigon with the NAVIGON Marks and name.

18. Defendant's NAV N GO Marks are very similar in appearance, sound, meaning, and commercial impression to plaintiffs' NAVIGON Marks and name.

19. Upon information and belief, Nav N Go is using the NAV N GO Marks in connection with the advertising, offering for sale, and sale in interstate commerce, including in this District, of GPS-based navigation software for use in portable navigation devices. Such use is without the permission or authorization of Navigon. Upon information and belief, Nav N Go also is using the NAV N GO LIMOUSINE mark in connection with the advertising, offering for sale, and sale in interstate commerce, including in this District, of GPS-based portable navigation

devices that incorporate navigation software, and that use also is without permission or authorization of Navigon.

20. Nav N Go's use of the NAV N GO Marks as alleged above creates a likelihood of confusion with Navigon's NAVIGON Marks and name.

21. Nav N Go's activities are causing, and unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of consumers and the public. Such activities of Nav N Go also are causing, and unless enjoined by this Court, will continue to cause, irreparable harm to Navigon by reason of public confusion of Nav N Go with Navigon.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

22. Navigon repeats and realleges the allegations set forth in Paragraphs 1 through 21 above.

23. The foregoing acts of Nav N Go violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, because they constitute use in commerce of reproductions, copies, and/or colorable imitations of Navigon's NAVIGON Marks and name in connection with the sale, offering for sale, distribution, and advertising of goods and services in a manner likely to cause confusion, mistake, and deception.

24. Upon information and belief, Nav N Go's foregoing acts have been, and continue to be, willful and deliberate.

25. Navigon has been, and continues to be, irreparably damaged by Nav N Go's violations of Lanham Act § 32, and Navigon has no adequate remedy at law. Unless restrained by this Court, Nav N Go's violations will continue to injure Navigon and the public.

## COUNT II
### Federal False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

26. Navigon repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.

27. The foregoing acts of Nav N Go violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because they constitute use in commerce of words, terms, names or false designations of origin that are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of the parties' goods and services. Accordingly, such acts constitute unfair competition and infringement of Navigon's NAVIGON Marks and name.

28. Upon information and belief, Nav N Go's foregoing acts have been, and continue to be, willful and deliberate.

29. Navigon has been, and continues to be, irreparably damaged by Nav N Go's violations of Lanham Act section 43(a), and Navigon has no adequate remedy at law. Unless restrained by this Court, Nav N Go's violations will continue to injure Navigon and the public.

## COUNT III
### Illinois Deceptive Trade Practices Act
### (815 ILL. COMP. STAT. 510/2 *et seq.*)

30. Navigon repeats and realleges the allegations set forth in Paragraphs 1 through 29 above.

31. The foregoing acts of Nav N Go in the course of its business are likely to cause confusion and misunderstanding as to the source, sponsorship, or approval of its goods and services as to the affiliation, connection, or association of Nav N Go's goods and services with another, and otherwise create the false impression that Nav N Go is affiliated or associated with

Navigon and/or that its business or goods and services are authorized, licensed, sponsored, or approved by Navigon, all of which is likely to deceive or mislead consumers and constitutes unfair competition and deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq*.

32. Upon information and belief, Nav N Go's foregoing acts have been, and continue to be, willful and deliberate.

33. Navigon has been, and continues to be, irreparably damaged by Nav N Go's acts, and Navigon has no adequate remedy at law. In addition, Navigon has suffered and will continue to suffer damage and injury to its business, its reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount, but certainly more than the minimal jurisdictional limits of this Court.

34. Unless restrained by this Court, Nav N Go will continue to do the acts complained of herein and will continue to injure Navigon and the public.

WHEREFORE, Navigon requests that this Court enter judgment in its favor on all causes of action and grant the following relief:

A. An order enjoining and restraining Nav N Go, its officers, directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from using any of the NAV N GO Marks, or any other name or mark likely to cause confusion or deceit with plaintiffs' NAVIGON Marks and name, in connection with any goods or services or for purposes of advertising any goods or services.

B. An order requiring Nav N Go to pay to Navigon an amount yet to be determined to compensate Navigon for all damages sustained as a result of Nav N Go's unlawful conduct described above, plus interest thereon, and requiring with respect to damages resulting

from infringement of Navigon's names and marks or from unfair competition under the Federal Trademark Act that such damages be trebled pursuant to 15 U.S.C. § 1117.

   C. An order requiring Nav N Go to account for and pay to Navigon all profits derived by Nav N Go from the goods and services offered under the NAV N GO Marks, plus such additional amount as the Court finds to be just, pursuant to 15 U.S.C. § 1117.

   D. An order requiring Nav N Go to pay Navigon punitive damages in such amount as the Court finds appropriate.

   E. An order requiring Nav N Go to deliver up for impoundment and destruction as the Court directs, pursuant to 15 U.S.C. § 1118, all materials that include, depict, constitute, or copy the NAV N GO Marks, as well as computer software, computer hardware, plates, negatives, masters, and any other items used in creating such materials.

   F. An order declaring that Nav N Go willfully engaged in a deceptive trade practice and awarding Navigon its costs and reasonable attorneys' fees incurred in prosecuting this action, in accordance with 815 ILL. COMP. STAT. 510/3.

   G. An order declaring that this case is exceptional and awarding Navigon its attorneys' fees incurred in prosecuting this action, in accordance with 15 U.S.C. § 1117.

   H. An order awarding Navigon its costs and expenses incurred in prosecuting this action.

   I. An order requiring payment to Navigon of prejudgment interest on all liquidated sums.

   J. An order requiring Nav N Go to file with the Court and serve on Navigon's counsel a report setting forth the manner and form of its compliance with the Court's orders.

K.     Such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Navigon, Inc. and Navigon AG hereby demand trial by jury on all issues so triable.


Dated:  August 26, 2008.                    Respectfully submitted,


By: <u>/s/ Thomas M. Staunton</u>
Thomas M. Staunton
    *TStaunton@millershakman.com*
MILLER SHAKMAN & BEEM
180 North LaSalle Street, Suite 3600
Chicago, Illinois 60601
Telephone:  (312) 263-3700

-and-

Simon J. Frankel
    *sfrankel@cov.com*
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111
Telephone: (415) 591-6000
Facsimile:  (415) 591-6091



Attorneys for Defendants,
Navigon AG and Navigon, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 26, 2008, service of the foregoing Answer and Counterclaim of Defendants Navigon, Inc. and Navigon AG was accomplished pursuant to the Electronic Case Filing System as to Filing Users and by U.S. Mail to:

> Jonathon W. Fountain
> Michael J. McCue
> Lewis & Roca, LLP
> 3993 Howard Hughes Pkwy.
> Las Vegas, NV 89169

August 26, 2008                                          /s/ Thomas M. Staunton
                                                                     THOMAS M. STAUNTON

Case 1:08-cv-02135   Document 52-2   Filed 08/26/2008   Page 1 of 2

Int. Cls.: **9, 38 and 42**

Prior U.S. Cls.: **21, 23, 26, 36, 38, 100, 101 and 104**

**United States Patent and Trademark Office**

Reg. No. 3,286,593
Registered Aug. 28, 2007

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# NAVIGON

NAVIGON AG (FED REP GERMANY AKTIEN-GESELLSCHAFT)
SCHOTTMÜLLERSTRASSE 20A
HAMBURG, FED REP GERMANY 20251

FOR: MILEAGE AND KILOMETER RECORDERS FOR VEHICLES; COMPUTER PROGRAMS USED IN NAVIGATION, FOR CALCULATING AND DISPLAYING ROUTES, DISTANCE AND TIME TO DESTINATION, AND ELECTRONIC MAP DISPLAYS; DATA PROCESSORS; ELECTRONIC PUBLICATIONS, NAMELY, MANUALS FEATURING INSTALLATION, USE AND OPERATION OF NAVIGATION SYSTEMS RECORDED ON COMPUTER MEDIA; ELECTRONIC NOTICE BOARDS; VIDEO DISPLAY CARDS; AUDIO AND VISUAL RECEIVERS; DISTANCE MEASURING APPARATUS, NAMELY, ODOMETERS; TACHOMETERS; COMPUTER INTERFACE BOARDS; MICROPROCESSORS; PORTABLE TELEPHONES; MODEMS; NAVIGATION APPARATUS FOR VEHICLES IN THE NATURE OF ON-BOARD COMPUTERS; ELECTRIC NAVIGATIONAL INSTRUMENTS; SATELLITE NAVIGATIONAL APPARATUS, NAMELY, A GLOBAL POSITIONING SYSTEM, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: PROVIDING TELECOMMUNICATIONS CONNECTIONS TO A GLOBAL COMPUTER NETWORK; RENTAL OF TELECOMMUNICATION EQUIPMENT; ELECTRONIC MAIL; ELECTRONIC MESSAGE SENDING; TELEPHONE COMMUNICATION SERVICES; RADIO BROADCASTING; COMMUNICATIONS BY FIBER OPTIC NETWORKS; TELECONFERENCING SERVICES, TELECOMMUNICATIONS ROUTING AND JUNCTION SERVICES; CELLULAR TELEPHONE COMMUNICATION; ELECTRONIC TRANSMISSION OF MESSAGES AND IMAGES; RADIO/TELEPHONE PAGING SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FOR: UPDATING OF COMPUTER SOFTWARE FOR OTHERS; COMPUTER PROGRAMMING; CONSULTATION SERVICES IN THE FIELDS OF SELECTION, IMPLEMENTATION AND USE OF COMPUTER HARDWARE FOR OTHERS; COMPUTER SOFTWARE SYSTEM DESIGN FOR OTHERS; COMPUTER SOFTWARE DESIGN FOR OTHERS; CONVERSION OF DATA OR DOCUMENTS FROM PHYSICAL TO ELECTRONIC MEDIA; DUPLICATION OF COMPUTER PROGRAMS; RESEARCH AND DEVELOPMENT AND CONSULTATION RELATED THERETO IN THE FIELD OF NAVIGATION HARDWARE AND SOFTWARE; INSTALLATION OF COMPUTER SOFTWARE; MAINTENANCE OF COMPUTER SOFTWARE; RENTAL OF COMPUTER SOFTWARE, IN CLASS 42 (U.S. CLS. 100 AND 101).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF INTERNATIONAL REGISTRATION 0890383 DATED 4-20-2006, EXPIRES 4-20-2016.

SER. NO. 79-025,866, FILED 4-20-2006.

ANGELA M. MICHELI, EXAMINING ATTORNEY